**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andre ANDREWS, Defendant–Appellant.**

**No. 01–1582.**

United States Court of Appeals, Sixth Circuit.

Dec. 22, 2003.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Petitioner–Appellant.

F. William Soisson, Kathleen Moro Nesi, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Respondent–Appellee.

Before COLE, CLAY, Circuit Judges; and QUIST, District Judge.*

## OPINION

COLE, Circuit Judge.

Defendant Andre Andrews appeals his conviction for conspiracy to possess with intent to distribute and conspiracy to distribute marijuana, and attempt to possess marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 846. For the reasons that follow, we AFFIRM.

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

## I.

On April 11, 1998, the United States seized a tractor trailer containing approximately 600 pounds of marijuana. The Drug Enforcement Agency supervised a controlled delivery of the marijuana to its destination, Re–Air Enterprises in Detroit, Michigan. Andrews, among others, was arrested in the ensuing bust. Appellant's first brief in this appeal asked this Court to take a position in a circuit split. Specifically, he requested that we adopt the Ninth Circuit's view that a conspiracy automatically terminates upon frustration of its purpose—even by the government—so that, for example, individuals who join a drug conspiracy after the drugs have been seized by the government cannot be convicted of conspiracy. Subsequent to the filing of that brief, however, the Supreme Court resolved the circuit split, rejecting the Ninth Circuit's position. *See United States v. Jimenez Recio,* 537 U.S. 270, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003). Appellant's reply brief acknowledges that the rule established in *Jimenez Recio* moots his argument on this point.

## II.

■ Appellant's reply brief also presses a sufficiency of the evidence argument. Appellant's first brief in this appeal, however, does not raise a sufficiency of the evidence claim at all. It merely argues that: "the evidence at trial did not establish a probative link between [Andrews] and the underlying conspiracy *prior to* the government's seizure of the marijuana several days earlier and that the government's seizure of the marijuana terminated the attempted possession of marijuana count as a matter of law." Appellant's Brief at 7 (emphasis added). Appellant's

first brief never makes or even suggests an argument that evidence gathered on April 13, 1998 was insufficient to support the conviction. Appellant's first brief thus focuses *solely* on the issue decided conclusively by the Supreme Court's decision in *Jimenez Recio*. Additionally, to the extent that Appellant's reply brief raises a sufficiency of the evidence argument for the first time, it does so in a highly cursory manner, baldly asserting without discussing the evidence that all the evidence was circumstantial and established only "mere presence."

■ Appellant has waived the sufficiency of the evidence claim because he did not raise it in his first brief and he provides only a statement of the claim with no factual support in his reply brief. *See United States v. Hough*, 276 F.3d 884, 891 (6th Cir.2002) (inadequately briefed sufficiency of the evidence claims waived). But even if the claim had not been waived, the evidence presented at trial was sufficient to support the conviction. "When reviewing a claim of insufficient evidence, we examine the evidence in the light most favorable to the government and draw all inferences in the government's favor in order to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. Davis*, 306 F.3d 398, 408 (6th Cir.2002) (quoting *United States v. Gibbs*, 174 F.3d 762, 774 (6th Cir.1999), *cert. denied* 537 U.S. 1208, 123 S.Ct. 1290 154 L.Ed.2d 1054 (2003)). Under this deferential standard, the evidence was more than sufficient to support Appellant's conviction. Specifically, evidence was introduced that supports the conclusion that Andrews actively participated in scheduling the delivery of marijuana and unloading the truck. Telephone records identify a cellular phone seized from Andrewsalso connected to Andrews through a phone list seized from Re–Air, the company to which the drugs were delivered-as the one used to set up the delivery once the drugs arrived in Detroit. At the delivery, the driver of the drug shipment sought out Andrews and Andrews remained at the warehouse when a number of card-playing men, non-conspirators, were asked to leave. When the truck was opened for unloading, it was Andrews who entered the trailer. After he was arrested, Andrews's hands were exposed to ultraviolet light, revealing traces of the "Gotcha" spray that the government had sprayed on the boxes of marijuana, and thereby indicating that he had handled them.

Other evidence that supports Andrews's involvement in the conspiracy, though less directly, includes the fact that Re–Air paid for Andrews's cell phone despite the fact that Andrews was not a Re–Air employee and the frequent contact, as evidenced by the phone records, between Andrews and the conspirators leading up to the shipment.

Finally, the extent to which any of this evidence is circumstantial in nature is simply not legally relevant. Under the deferential standard of review applied to insufficiency of the evidence claims, circumstantial evidence alone can support a conviction. *See Davis*, 306 F.3d at 408.

For the foregoing reasons, Appellant's conviction is therefore **AFFIRMED**.